UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES CORPORATION,

v.                                                                              CASE NO. 3:17-cv-713-J-34JBT

DEVON WAHID AHAD MORING EL,[1]
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the Motion will be **TAKEN UNDER ADVISEMENT**, and Plaintiff will be directed to file a proper amended complaint **on or before August 10, 2017** if he intends to pursue a civil action.

**I.    Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that

---

[1] As explained further herein, the relevant Filing (Doc. 1), including the caption, is nonsensical. To the extent the filing party, Devon Wahid Ahad Moring El, intended to file a civil lawsuit, it appears that he should be the named Plaintiff, and "United States Corporation" should be the named Defendant. Therefore, the Court will refer to Mr. Moring El as Plaintiff herein.

Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2).'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2] As such, even pro se complaints that are

---

[2] Although the Court does not rely on unpublished opinions as binding precedent,
(continued...)

"disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

## II. Analysis

Plaintiff's Filing (Doc. 1), titled "Denial of Corporate Existence," is not a proper complaint. It does not attempt to state any cause of action, and it does not request any relief from the Court. (*Id.*) The caption of the hand-written, incomprehensible Filing names "United States Corporation" as the plaintiff, and Plaintiff himself as the defendant. (*Id.* at 1.) It states in part: "The purpose of this to be governized document is to establish the fact that I/Eye Devon Wahid Ahad Moring El am not an [sic] corporation, US citizen, so-called 14th Amendment citizen, fictitious entity of any kind, cestui que trust, etc." (*Id.* at 2.) The remainder of the Filing appears to be an explanation of Plaintiff's belief system.

Based on the nature of the Filing, it does not appear that Plaintiff is attempting to file a civil lawsuit, and he may not intend to take any further action in this case. Nevertheless, before dismissing an action for failure to state a claim, the Court should permit a pro se litigant, who is seeking *in forma pauperis* status, the opportunity to amend the pleading. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave

---

(...continued)
they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 2007. Fed. R. App. P. 32.1(a).

to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Therefore, Plaintiff will be provided with an opportunity to file a proper amended complaint in accordance with this Order. However, Plaintiff is cautioned that the Court will not rewrite the Filing, or any amended complaint, to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff is cautioned that any amended complaint must comply with all applicable rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. For example, the complaint must be typed, if possible, double spaced, and in type no smaller than twelve-point. *See* M.D. Fla. R 1.05(a). It also must be broken down into "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, it must include a "statement of the grounds for the court's jurisdiction."[3] Fed. R. Civ. P. 8(a).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 2**) is **TAKEN UNDER ADVISEMENT**.

2. If Plaintiff intends to pursue a civil action, he shall file a proper amended complaint in compliance with this Order and all applicable rules and statutes **on or before August 10, 2017**. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action.

---

[3] There are numerous other pleading requirements with which Plaintiff must comply.

4

**DONE AND ORDERED** at Jacksonville, Florida, on July 20, 2017.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff