UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES CORPORATION

v.     CASE NO. 3:17-cv-713-J-34JBT

DEVON WAHID AHAD MORING EL[1]
_____/

## REPORT AND RECOMMENDATION[2]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In its prior Order (Doc. 3), the Court took the Motion under advisement and stated that Plaintiff's Filing (Doc. 1), titled "Denial of Corporate Existence," is "not

---

[1] As explained in the Court's prior Order (Doc. 3), the relevant Filing (Doc. 1), including the caption, is nonsensical. To the extent the filing party, Devon Wahid Ahad Moring El, intended to file a civil lawsuit, it appears that he should be the named Plaintiff, and "United States Corporation" should be the named Defendant. Therefore, the undersigned will refer to Mr. Moring El as Plaintiff herein.

[2] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

a proper complaint.  It does not attempt to state any cause of action, and it does not request any relief from the Court." (Doc. 3 at 3.)  The incomprehensible Filing states in part: "The purpose of this to be governized document is to establish the fact that I/Eye Devon Wahid Ahad Moring El am not an [sic] corporation, US citizen, so-called 14th Amendment citizen, fictitious entity of any kind, cestui que trust, etc." (Doc. 1 at 2.)  The remainder of the Filing appears to be an explanation of Plaintiff's beliefs.

The Court noted that, "[b]ased on the nature of the Filing, it does not appear that Plaintiff is attempting to file a civil lawsuit, and he may not intend to take any further action in this case." (Doc. 3 at 3.)  However, the Order stated: "If Plaintiff intends to pursue a civil action, he shall file a proper amended complaint in compliance with this Order and all applicable rules and statutes **on or before August 10, 2017**.  If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.* at 4.)

To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.
2. The case be **DISMISSED without prejudice**.
3. The Clerk of Court be directed to terminate any pending motions and

close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 23, 2017.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff